**Law Offices of Robert L. Geltzer**
1556 Third Avenue, Suite 505
New York, New York 10128
(212) 410-0100
Robert L. Geltzer
Mark E. Bruh

*Counsel to Robert L. Geltzer,*
*as Chapter 7 Trustee*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------
In Re:                                                    Chapter 7

    **JEAN O. LEE,**                   Case No. 14-12402 (SMB)

                Debtor.
-----------------------------------------------------------
**ROBERT L. GELTZER**, as Trustee for the
Estate of **JEAN O. LEE**,

                Plaintiff,

       - against -                     Adv. Proc. No.

    **RAVEN J. ROSARIO**,

                Defendant.
-----------------------------------------------------------x

**COMPLAINT TO RECOVER FRAUDULENT TRANSFER**
**OF ESTATE PROPERTY OR ITS VALUE**

        The Complaint of Robert L. Geltzer, the Chapter 7 trustee (the "Trustee" or "Plaintiff") of Jean O. Lee, the debtor (the "Debtor"), by his attorneys, the Law Offices of Robert L. Geltzer, respectfully avers as follows:

**<u>INTRODUCTORY STATEMENT & BACKGROUND</u>**

        1. Based upon the testimony of the Debtor at the meeting conducted pursuant to Section 341 of the United States Bankruptcy Code (the "Bankruptcy Code"), and the documents subsequently provided by the Debtor through her attorney, the Debtor testified that from on or about July 2011 through August 19, 2014 (the "Period"), she paid to and/or on behalf of her daughter, Raven J. Rosario, the defendant (the "Defendant"), approximately $20,013.30 (the

"Property") as payments for a vehicle, i.e., a 2011 Kia Optima, owned solely by the Debtor and used solely by the Defendant.

2. The Trustee, by letters of October 29, 2014 and November 18, 2014 to the Defendant, demanded the turnover of the Property, but the Defendant has failed to pay to the Trustee any amounts, and did not even answer the letters in any way.

3. Upon information and belief, and based upon the Debtor's petition and schedules, the Debtor was insolvent, or rendered insolvent, during the Period.

4. This proceeding seeks to avoid and recover the Property as fraudulent transfers (the "Transfers"), plus interest from the date of the Transfers.

## JURISDICTION AND VENUE

5. The United States District Court for the Southern District (the "District Court") has jurisdiction over this adversary proceeding under 28 U.S.C. § 1334. By virtue of 28 U.S.C. § 157(a), and the Amended Standard Order of Reference dated January 31, 2012 of Judge Loretta A. Preska of the District Court, this adversary proceeding is automatically referred to the United States Bankruptcy Court for the Southern District of New York (the "Court").

6. This adversary proceeding is a core proceeding under, among other things, 28 U.S.C. § 157(b)(2)(A), (E), and (O). Because this is a core proceeding, the Court has jurisdiction and power under 28 U.S.C. § 157(b) to hear and determine this adversary proceeding. The Plaintiff consents to the entry of final orders or judgments by this Court if it is determined that this Court, absent consent of the parties herein, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

7. This adversary proceeding is also commenced pursuant to Sections 101, 105(a), 544, 548, 550 and 551 of the Bankruptcy Code; the general equity powers of the Court; the general common law; and Federal Rules of Bankruptcy Procedure §§ 6009, 7001, 7008, et seq., and the New York Debtor and Creditor Law ("NYDCL") § 273 et seq., to avoid and recover a fraudulent conveyance(s) of money or property of the estate.

## PARTIES

8. On or about August 19, 2014 (the "Petition Date"), the Debtor filed a voluntary petition under Chapter 7 of Title 11 of the Bankruptcy Code with this Court.

9. On or about August 20, 2014, the Trustee was appointed by the Office of the United States Trustee as interim trustee of the Debtor's estate pursuant to § 701, and pursuant to § 702(d) of the Bankruptcy Code thereafter became permanent Trustee by operation of law, and is serving as such.

10. Upon information and belief, Raven J. Rosario, the Defendant, resides at 96 Iroquois Drive, Galloway, New Jersey 08205.

## First Claim for Relief

### AVOIDANCE OF THE PRE-PETITION PAYMENT(S) AS FRAUDULENT CONVEYANCES PURSUANT TO 11 U.S.C. §§ 544, 548, 550 AND 551

11. The Trustee repeats and realleges each and every allegation contained in paragraphs 1 through 10 of this Complaint as if fully set forth herein.

12. Upon information and belief and based upon Debtor's testimony, the Trustee claims that from in or about August 2012 through the Petition Date, the Defendant received and/or was given and/or benefitted from the Transfers in the amount of $12,440.70, from and by the Debtor with no or little or inadequate consideration to the Debtor.

13. Upon information and belief, said disposition and/or parting with the Payments were "transfer(s)" under § 101(54)(D) of the Bankruptcy Code.

14. Upon information and belief, the Debtor was insolvent at the time of the Transfers, or was rendered insolvent, as a result of such Transfers, and/or was left with unreasonably little capital as a result of the Transfers, and/or intended to incur, or would incur, debts that would be beyond the Debtor's ability to pay as such debts matured.

15. Upon information and belief, the Debtor received less, or little, or no reasonable equivalent value in exchange for the Transfers, to or for the benefit of, the Defendant.

16. Said Transfers are property of the estate as provided for in § 541 of the Bankruptcy Code.

17. Based on the foregoing, and pursuant to §§ 544, 548, 550 and 551 of the Bankruptcy Code, the Trustee is entitled to judgment against the Defendant avoiding and setting aside the Transfers in an amount to be determined at trial that is not less than $12,440.70, as well as any additional amounts that may be revealed in discovery, plus interest, reasonable attorneys' fees; and to attach the assets of the Defendant and prevent transfers therefrom in the foregoing amount.

### Second Claim for Relief

**AVOIDANCE OF THE TRANSFERS AS
FRAUDULENT CONVEYANCES PURSUANT TO 11 U.S.C. §544(b) AND
§§ 273, 274, 275 AND 278 OF NEW YORK DEBTOR AND CREDITOR LAW**

18. The Trustee repeats and realleges the allegations contained in paragraphs 1 through 17 of this Complaint as though fully set forth herein

19. Upon information and belief, and the testimony of the Debtor, the Trustee claims that in or about June 2011 through the Petition Date, the Defendant received and/or was given and/or benefitted from the Transfers in an amount not less than approximately $20,013.30, from and by the Debtor with no or little or inadequate consideration to the Debtor.

20. Upon information and belief, on the date of each of the Transfers, the Debtor: (i) was insolvent or was rendered insolvent as result of such transfers, (ii) had unreasonably small capital for the business in which she engaged or was about to engage, and/or (iii) intended to incur, or believed that she would incur, debts beyond her ability to pay as such debts matured.

21. Accordingly, pursuant to 11 U.S.C. § 544(b) and §§ 273, 274, 275 and 278 of NYDCL, the Trustee may avoid the Transfers.

22. Accordingly, pursuant to 11 U.S.C. § 550(a), the Trustee may recover from the Defendant for the benefit of the Debtor's estate, the Transfers in the amount to be

determined at trial that is not less than approximately $20,013.30, as well as any additional amounts that may be revealed in discovery, plus interest; and to attach the assets of the Defendant and prevent transfers therefrom in the foregoing amounts.

23. Accordingly, pursuant to 11 U.S.C. § 550(a), the Trustee may recover from the Defendant for the benefit of the Debtor's estate, the Transfers in the amount to be determined at trial that is not less than approximately $20,013.30, as well as any additional amounts that may be revealed in discovery, plus interest; and to attach the assets of the Defendants or either one of them. and prevent transfers therefrom in the foregoing amounts.

### Third Claim for Relief

### UNJUST ENRICHMENT FROM THE TRANSFERS

24. The Trustee repeats and realleges the allegations contained in paragraphs 1 through 23 of this Complaint as though fully set forth herein.

25. The Defendant received and/or was benefitted from the Transfers to which she was not entitled and for which the Debtor did not receive fair consideration.

26. The Defendant benefitted from the Transfers and the use and enjoyment that she has derived therefrom and continues to derive therefrom.

27. The Defendant's retention of the benefits that she has derived, and continues to derive, from her use and enjoyment of the Transfers would be unjust.

28. As a result of the Defendant's receipt of the Transfers, to which she was not entitled and for which the Debtor did not receive fair consideration, the Defendant has been unjustly enriched, at the Debtor's expense, in an amount to be determined at trial that is not less than $20,013.30, as well as any additional amounts that may be revealed in discovery, plus interest.

29. By reason of the foregoing, the Trustee is entitled to recover from the Defendants an amount not less than $20,013.30, as well as any additional amounts that may be revealed in discovery, plus interest.

30. By reason of the foregoing, the Court should impose a constructive trust on the Debtor's interest in the bank account(s) of the Defendant in an amount not less than $20,013.30, as well as any additional amounts that may be revealed in discovery, to be held for the benefit of, and returned to, the Trustee for the benefit of the Debtor's estate's creditors, together with interest.

31. The Trustee asserts an interest in any and all bank accounts and other assets of the Defendant on the grounds that they contain proceeds of the Transfers from the Debtor and/or that they are indebted to the Debtor's estate for their receipt of the Transfers.

**WHEREFORE**, the Trustee respectfully requests judgment against the Defendant as follows:

(1) On Claim One, voiding the Transfers, and for damages on behalf of the Debtor in an amount to be determined at trial that is not less than $12,440.70, as well as any additional amounts that may be revealed in discovery, plus interest; directing that a money judgment be entered for that amount, and directing that a constructive trust be imposed on the Defendant's assets, including any and all bank accounts and other real property owned by the Defendant, to prevent transfers therefrom in the foregoing amounts;

(2) On Claim Two, voiding the Transfers, and for damages on behalf of the Debtor in an amount to be determined at trial that is not less than $20,013.30, as well as any additional amounts that may be revealed in discovery, plus interest; directing that a money judgment be entered for that amount, and directing that a constructive trust be imposed on the Defendant's assets, including any and all bank accounts and other real property owned by the Defendant, to prevent transfers therefrom in the foregoing amounts;

(3) On Claim Three, voiding the Transfers, awarding compensatory damages in an amount to be determined at trial that is not less than $20,013.30, as well as any additional amounts that may be revealed in discovery, plus interest; directing that a money judgment be entered for that amount, and directing that a constructive trust be imposed on the Defendant's

assets, including any and all bank accounts and other real property owned by the Defendant, to prevent transfers therefrom in the foregoing amounts;

(4) On all claims, awarding pre- and post- judgment interest, costs and disbursements as allowed by law;

(5) On all claims, awarding reasonable attorneys' fees as allowed by law; and

(6) Granting Plaintiff such other and further relief as to this Court appears just and proper.

Dated: New York, New York
January 8, 2015

/s/ Robert L. Geltzer
ROBERT L. GELTZER
The Law Offices of
ROBERT L. GELTZER
Counsel to the Trustee of
Jean O. Lee
1556 Third Avenue, Suite 505
New York, New York  10128
(212) 410-0100